**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION**


Kenneth Goldsmith,

        Plaintiff, *in propria persona*,

        **v.**

FREDERICK BAER GOLDSMITH, ESQ.,
                Individually,
        and under Color of State Law,

MALCOLM GOLDSMITH,
                Individually,
        and under Color of State Law,

MILDRED BAER GOLDSMITH PALLEY,


OFFICER BRIAN MARKUS,      Individually,
        and in his Official Capacity,

CITY OF PITTSBURGH, DEPARTMENT OF PUBLIC SAFETY,
        As Municipal Defendant,


        Defendants.

                              **CIVIL COMPLAINT**

                              **JURY TRIAL DEMANDED**

_____

*CIVIL ACTION FOR DEPRIVATIONS OF CIVIL RIGHTS, ABUSE OF PROCESS,
FALSE ARREST, FALSE IMPRISONMENT, MALICIOUS PROSECUTION UNDER
COLOR OF STATE LAW, CONSPIRACY, INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS, AND ASSAULT; PURSUANT TO
THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND*

**THE FIRST, FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO
THE CONSTITUTION OF THE UNITED STATES.**

_____

## PARTIES

PLAINTIFF:

Plaintiff Kenneth Goldsmith, proceeding *in propria persona* herein, is a citizen and resident of Pittsburgh, PA.

THE DEFENDANTS:

Defendant Frederick Baer Goldsmith, Esq., is a citizen and resident of Pittsburgh, PA; an attorney licensed to practice law in the Commonwealth of Pennsylvania, and also admitted to practice before this District Court of Western Pennsylvania, and additionally was formerly the Chair of the Federal Practice Division of the Allegheny County Bar Association.

Defendant Attorney Frederick Baer Goldsmith, Esq. has previously contracted with the City of Pittsburgh Department of Public Safety, Bureau of Police, and was authorized by supervisory officials within that Department, to hire City of Pittsburgh Police Officers, expressly and specifically under color of state law, for the purpose of arresting  this Plaintiff for felony defiant trespass at a "private" Memorial Service for Plaintiff's Father - should Plaintiff respectfully attempt to attend his beloved Father's Funeral Service. Defendant Attorney Frederick Baer Goldsmith, Esq. personally financially compensated

state actors of the City of Pittsburgh Bureau of Police, with the knowledge and approval of supervisory officers, for that specific purpose.

By such contractual relations, Defendant Attorney Frederick Baer Goldsmith, Esq. further created a symbiotic relationship and a nexus between himself, now acting under color of state law, and the City of Pittsburgh Department of Public Safety, Bureau of Police, in which the City of Pittsburgh derived a financial benefit from such relationship.

Although Defendant Attorney Frederick Baer Goldsmith, Esq. is not a state official, Plaintiff specifically avers that he affirmatively acted under color of state law by concertedly and closely conspiring with one or more state actors; and with such proximity, so as to unlawfully deprive Plaintiff of his inalienable federal Constitutional rights.

Defendant Attorney Frederick Baer Goldsmith, Esq. engaged in state action, as the act which deprived Plaintiff's federal rights could not have occurred but for the existence of a governmental framework requiring government approval or action.

Defendant Malcolm Goldsmith is the brother of both Frederick Goldsmith and Mildred Goldsmith Palley, and is a resident of San Francisco, CA.

Co-Defendant Mildred Baer Goldsmith Palley is the sister of both Frederick Goldsmith and Malcolm Goldsmith, and is a resident of New York, New York, and London, England, and France.

State Actor Defendant Pittsburgh Police Officer, Brian Markus individually, and in his official capacity, is believed to be residents and citizens of Pittsburgh, Pennsylvania; and at all times relevant, was acting under color of state law, employed, supervised and controlled by the City of Pittsburgh Department of Public Safety, a municipal agency of the City of Pittsburgh. In all of the Police Defendants' actions and omissions alleged herein, the Police Defendant was acting under color of state law, and are being sued in this instant action both individually, and in that official capacity. The Pittsburgh Police Defendants' actions and conduct have exercised power possessed by virtue of state law, and made possible only because they are each clothed with the authority of that state law.

Municipal Defendant City of Pittsburgh is a municipal corporation formed under the laws of the Commonwealth of Pennsylvania. The City of Pittsburgh operates the Pittsburgh Department of Public Safety and the City of Pittsburgh Bureau of Police, which is the City department having law enforcement authority in the City of Pittsburgh.  Upon information and belief, the City of Pittsburgh may have purchased liability insurance and/or participates in a municipal risk-pooling scheme.

For the purposes of this § 1983 action, the City of Pittsburgh is a person acting under color of state law, and as such is deprived of any Eleventh Amendment immunities enjoyed by the States, qualified or otherwise. (Please see: *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), (overruling in relevant part *Monroe v. Pape*, 365 U.S. 167 (1961); *Board of Trustees v. Garrett*, 531 U.S. 356, 369, 121 S. Ct. 955, 148 L.Ed.2d 866 (2001); *Lincoln County v. Luning,* 133 U.S. 529, 530, 10 S. Ct. 63, 33 L. Ed. 766 (1890)).

## JURISDICTION AND VENUE

This action is properly before this Honorable District Court pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), as the action herein arises from, and seeks redress for, violation of Plaintiff's Constitutional and civil rights, pursuant to 42 U.S.C. § 1983.

It is not believed any named defendant herein may assert immunity under the Eleventh Amendment; nor may in any circumstance avoid liability for damages through successfully establishing any immunity, qualified or otherwise.

Plaintiff further respectfully and deferentially invokes this Honorable Court's supplemental and pendant jurisdiction, pursuant to 28 U.S.C. § 1367(a), to subsume any and all state Constitutional claims, which he asserts are so inextricably intertwined with, and related to the claims within the original jurisdiction of this Court; that they flow

from, form part of, and in fact are, inescapably integral to the same case or controversy now instantly *sub judice*.

Venue is further proper before this District Court pursuant to 28 U.S.C. § 1367, as all claims herein were committed within this jurisdiction, and Plaintiff and all but two defendants are residents / citizens of this Western District, [including Municipal Defendant].  Plaintiff thereby does not assert diversity jurisdiction pursuant to 28 U.S. Code § 1332, due to the residence of two defendants, although damages are well above the minimum $75,000 statutory amount.

## LIMITATION OF ACTION

The occurances *sub judice* herein commenced on 4/1/16.  The statutory limitation for damages, as set forth in this 42 U.S.C. § 1983 Complaint now at instant issue in the Commonwealth of Pennsylvania is two years, 42 Pa. C. S. § 5524; Plaintiff further asserts that pursuant to the continuing violations doctrine, including by reference, but not limited to the previous state civil rights action; and the overturned 4/5/16/ Pa. M.H.P.A. 302 arrest and involuntary evaluation; which false arrest and imprisonment claim seeking redress for deprivation of Plaintiff's Constitutional liberties, pursuant to 42 U.S.C.1983, said Civil Rights action.

A *continuing violation* is occasioned by continual unlawful acts of a substantially similar nature to those which were the basis of the original claim, and were part of a perfidious,

persistent on-going pattern and deceitful affirmative course of actionable conduct by arch-architect and kingpin Defendant Attorney Frederick Baer Goldsmith, Esq., acting under color of state law; specifically of intentional, knowingly, repeated and retaliatory false criminal reports to, and collusion with State Actors of the City of Pittsburgh Bureau of Police.  At actionable issue is not merely discrete individual acts, but a pervasive pattern of repeated related acts *ad seriatim*, spanning – and continuing - over a prolonged period of time.

Conspiracy is a continuing offense wherein the statute of limitations begins to run on the date of the last overt act. These egregious and wanton continuing Civil Rights violations are contemporaneously continuing and have not abated.

Plaintiff *pro se* exercised all reasonable due diligence in pursuing his claims.

Plaintiff also invokes any equitable tolling which implicates the discovery rule.

The referenced collusion was far beyond mere approval of or acquiescence in the initiatives of a private party. That the pervasive pattern of concerted action between State Actors of the Pittsburgh Police, in the first instance; and each and every proximal and material affirmative acts by Defendants Attorney Frederick Baer Goldsmith, Esq. and Malcolm Goldsmith, acting under color of state law, in the second instance; were so inescapably intertwined as to be essentially identical, is beyond cavil.

**NATURE OF THE ACTION.**

This is a civil rights action arising from the Defendants individual and continuing conspiratorial violations of Plaintiff's rights, as secured by the Civil Rights Act of 1871, under 42 U.S.C. § 1983, and Constitutional guarantees provided by the First, Fourth Fifth and Fourteenth Amendments to the United States Constitution; and by the Pennsylvania Constitution.

**PROCEDURAL HISTORY**

THE APRIL 1, 2016 EVENTS.

Beginning early that early morning of 4/1/16, Defendant Attorney Frederick Baer State Actor Officer Markus actions, in close concert with Defendants Attorney Frederick Baer Goldsmith, Esq.'s and Malcolm Goldsmith's actions; directly and proximally caused a Constitutional deprivation which resulted from the exercise of a right or privilege having its source in state authority.

On or about 4/5/16, Plaintiff was publically arrested by supervisory officers of the City of Pittsburgh Police Department, who were lurking in the lobby of the Resolve Crisis Center 302 arrest warrant, which was falsely filed and lacked credible probable cause.

This public eviction from his Residence caused intense public humiliation, embarrassment, shame, anxiety and extreme emotional distress – as well as irreparable damage to Plaintiff's reputation, even despite the subsequent termination of the P.F.A. temporary order.

**COUNT I:   42 U.S.C. § 1983.**
**Violation of Plaintiff's First, Fourth, Fifth and Fourteenth Amendments.**

Pertaining to Defendants Attorney Frederick Baer Goldsmith, Esq., Malcolm Goldsmith, Mildred Baer Goldsmith palley, and State Actor Markus, and Municipal Defendant City of Pittsburgh, Department of Safety, Bureau of Police.

Plaintiff herein incorporates all previous paragraphs, *supra,* of this Complaint as if fully set forth herein.

Plaintiff *pro per* also incorporates and includes by substance and by reference, his timely filing on 3/17/17, within this Western District at 2:17-cv-00389 - MRH, [ CM / ECF Doc. # 1 ].

42 U.S.C. § 1983 provides that:

"Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia, subjects or causes to be subjected any citizen of the United States, or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law, shall be liable to the party injured in an action at law, suit in

equity, or other appropriate proceeding for redress."

Plaintiff in this action is a citizen of the United States; Defendants Attorney Frederick Baer Goldsmith, Esq., acting under color of state law; State actor City of Pittsburgh

Police Officer Markus; Municipal Defendant City of Pittsburgh are all "persons" for the purposes as promulgated by 42 U.S.C. § 1983.

Defendants Attorney Frederick Baer Goldsmith, Esq., Malcolm Goldsmith and the State Actor Defendant Markus, collusively, individually, and in his official capacity as a City of Pittsburgh Police Officer, at all times relevant hereto; were acting under color of state law; and Markus' acts or omissions were conducted within the scope of his official duties or employment.

At the time of the complained of events, Plaintiff had a clearly established Constitutional right under the Fourth and Fifth Amendments to be secure in his person from, *inter alia,* unreasonable searches and seizure, and arrest without probable cause, false imprisonment, abuse of process, and from eviction by state actor Police

Officer Markus, in connivance with Defendants Attorney Frederick Baer Goldsmith, Esq., and Malcolm Goldsmith; who at all times relevant, were acting under color of state law.

At the time of the complained of events, Plaintiff had a clearly established constitutional right, *inter alia*, under the Fifth Amendment, not to have his personal property, keys, U.S. currency, bank cards, cell phones, chattels, personalty, legal research and court pleadings be seized – and still be, as of date of filing, distrained and / or sold and transported across state lines and possibly international borders by Attorney Frederick Baer Goldsmith, Malcolm Goldsmith, and Mildred Baer Goldsmith palley.

At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourteenth Amendment for equal protection under the law, to not be subject to these constitutional deprivations which resulted from official custom or policy; arrest without probable cause from improperly trained and supervised state actor police officers, and City of Pittsburgh Police supervisory officials; to be free from abuse of process and malicious prosecution from all those state actors colluding with private individuals operating under color of state law; all such averments inseparably integral to the § 1983 action now at bar herein.

There existed such a sufficiently materially direct nexus between Defendants Attorney Frederick Baer Goldsmith, Esq.'s and Malcolm Goldsmith's malicious actions in the first instance; and state actor Officer Markus' immediately subsequent conduct of the malicious eviction of Plaintiff from his residence and the 302 arrest warrant and involuntary mental health examination, so that the actions of Defendant Attorney Frederick Baer Goldsmith, Esq. and Malcolm Goldsmith, may fairly be treated as that of the State itself.  In that the State created the legal framework governing the conduct of

state actor Officer Markus; it may be reasonably assumed and concluded, tautologically; that the government in essence, delegated its own authority to those private actor, Defendant Attorney Frederick Baer Goldsmith, Esq., who was thereby acting under color of state law.  Defendant Attorney Frederick Baer Goldsmith, Esq.'s ulterior, unlawful, premeditated, pernicious private motives clearly; materially, proximally and inescapably influenced and induced State Actor Officer Markus' subsequent conduct, and their *sub rosa* "meeting of the minds" animated that state actor's decision to refuse to allow Plaintiff to recover a single item of his extensive art collection and property from his residence.

Defendants Attorney Frederick Baer Goldsmith, Esq., Malcolm Goldsmith and State Actor Officer Markus clearly came to a mutual understanding to maliciously and unlawfully evict Plaintiff; and such agreement can be clearly concluded in that Plaintiff was in fact evicted and subsequently arrested on a falsely procured Pa. M.H.P.A. 302 arrest warrant without any probable cause, as more fully set forth *supra*.

Any reasonable police officer knew or should have known of Plaintiff's rights at the time of the complained of conduct, as they were clearly established at that time. Defendants Attorney Frederick Baer Goldsmith, Esq., Malcolm Goldsmith, Mildred Goldsmith pally and Markus especially engaged in the conduct described within this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected Constitutional rights. Defendants all did so with shocking and willful indifference to Plaintiff's rights and their own conscious awareness that they would, with

certainty, directly cause Plaintiff massive property loss and deprivation; severe emotional anguish, suffering injury and irreparable damage to his reputation.

The acts or omissions of all individual Defendants, and derivatively the Municipal Defendant City of Pittsburgh were moving forces behind Plaintiff's emotional injuries and loss of reputation.

All the individual Defendants acted in concert and joint action with each other. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

The State Actor Defendants are not entitled to qualified immunity for the complained of conduct.  The State Actor Defendants to this claim at all times relevant hereto was acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, and practice in their actions pertaining to Plaintiff.

As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered emotional injuries, and other damages and losses including financial loss, shame, humiliation, embarrassment and loss of reputation, as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.  As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including irreparable damage to his reputation.  Plaintiff is further entitled to attorneys'

fees and costs pursuant to 42 U.S.C. §1988(a), (b), & (c); and pre-judgment interest and costs as allowable by applicable federal law.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, jointly and severally; in that the actions of each of these individual Defendants have been taken maliciously, wantonly, willfully, and with a reckless and wanton disregard for the inalienable Constitutional rights, guarantees and privileges of Plaintiff.

WHEREFORE, Plaintiff *pro se* respectfully requests that this Court enter judgment in his favor and against all Defendants jointly and severally; awarding compensatory damages, costs, and attorneys' fees, along with punitive damages for pain and suffering, available statutory damages; reimbursement of funds paid or lost; attorney fees and costs as well as any other relief this Honorable Court, in its own wisdom, deems appropriate.

**Count II.   Malicious Prosecution.**

As to Defendant Attorney Frederick Baer Goldsmith, Esq., acting under color of state law; State Actor Defendant Pittsburgh Police; and Municipal Defendant Officer Markus, City of Pittsburgh / Department of Public Safety, Bureau of Police.

Each of the preceding paragraphs of this Complaint are incorporated as if fully restated herein.

Plaintiff *pro per* also incorporates and includes by substance and by reference, his timely filing on 3/17/17, within this Western District at 2:17-cv-00389 - MRH, [ CM / ECF Doc. # 1 ].

A § 1983 malicious prosecution claim may be maintained against one who furnishes false information to, or conceals materially exculpatory information from, prosecuting authorities, and is firmly grounded in police conduct that violates substantive and procedural due process and the Fourth Amendment.

Under Pennsylvania law, there are four common law elements of malicious prosecution: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing plaintiff to justice.

Plaintiff asserts Defendants' actions and conduct were malicious, reckless, wanton and oppressive in its flagrant disregard of Plaintiff's rights.

Recklessness is conduct that evinces disregard of, or indifference to, consequences under circumstances involving danger to life or safety to others, or a state of mind that either pays no regard to its probable or possible injurious consequences, or which

though foreseeing such consequences, persists in spite of such knowledge, as is the consistent with this complaint. Defendants caused Plaintiff to be improperly and maliciously subjected to criminal charges which were instituted for improper, impermissible and ulterior purposes, to false arrest without probable cause, and vexatious judicial proceedings which were instituted and continued maliciously – and terminated in Plaintiff's favor, and in a manner indicative of innocence. These judicial proceedings directly caused intense emotional injury and irreparable damage to Plaintiff's reputation.

A plaintiff may also state a claim by alleging that Defendants initiated the malicious prosecution in retaliation for the plaintiff's exercise of First Amendment rights. Institution of criminal action to penalize the exercise of one's First Amendment rights is a deprivation cognizable under § 1983.

The Defendant Officer identified above evicted Plaintiff from his residence with reckless disregard to his property rights, and referenced Plaintiff of critical mental health illness, knowing those accusations to be without probable cause.

Referencing the egregious events of 4/1 and 4/5/16: neither Defendant Attorney Frederick Baer Goldsmith, Esq., Malcolm Goldsmith then both indisputably acting under color of state law, nor State Actor Pittsburgh Police Officer Brian Markus, or any of the numerous other assembled state actors there on the scene – ever actually or truthfully believed Plaintiff was having any mental health emergency; nor had exhibited any

indicia of either danger to his Mother, referencing the P.F.A. eviction on the one hand;

nor danger to himself or others, pertaining to the 302 warrant and arrest.  Rather, as will

be adduced upon discovery, it is an unwritten municipal custom of the City of Pittsburgh

Police to utilize the Pennsylvania Mental Health Procedures Act as a default mechanism

to avail themselves – and to assist others – utilizing the vastly lower bar, which

bypasses judicial review and scrutiny: to *institutionalize*, even if only for a lesser amount

of time, pesky or putatively bothersome citizens: as a readily and easily available

alternative to *incarceration*.

For Defendants Attorney Frederick Baer Goldsmith, Esq., and Malcolm Goldsmith, this

malicious and false "302-ing", was essentially identical in pretext, motive, and fact

pattern to his fraudulent and malicious conspiracy to have Plaintiff evicted from his

residence via a false P.F.A. Petition.  With the exception that the immediacy of the false

"Emergency" Pa. MHPA 302 arrest, afforded Defendants Attorney Frederick Baer

Goldsmith, Esq., Malcolm Goldsmith and Mildred Baer Goldsmith palley, easy

opportunity to spoliate, view, search and photograph any and all of Plaintiff's legal

papers – and to again burglarize Plaintiff's personal and pecuniary property – [his U.S.

Currency] and also importantly his extensive and valuable art, prints and collectibles.

The misconduct described in this Count was consistently undertaken with malice,

willfulness, and manifest reckless indifference to the inalienable Constitutional rights of

Plaintiff.  As a result of this misconduct, Plaintiff sustained, and continues to sustain,

injuries including emotional distress and suffering, loss of property, and irreparable damage to his reputation.

WHEREFORE, Plaintiff *pro se* respectfully requests that this Court enter judgment in his favor and against all Defendants jointly and severally; awarding compensatory damages, costs, and attorneys' fees, along with punitive damages for pain and suffering, available statutory damages; reimbursement of funds paid or lost; attorney fees and costs as well as any other relief this Honorable Court, in its own wisdom, deems appropriate.

**Count III.    False arrest, False imprisonment, Illegal detention.**

Pertaining to Defendants Attorney Frederick Baer Goldsmith, Esq., Malcolm Goldsmith the Zone 4 302 warrant officers, and Municipal Defendant City of Pittsburgh Department of Public Safety, Bureau of Police.

Each of the preceding paragraphs of this Complaint is incorporated as if restated fully herein.

Plaintiff *pro per* also incorporates and includes by substance and by reference, his timely filing on 3/17/17, within this Western District at 2:17-cv-00389 - MRH, [ CM / ECF Doc. # 1 ].

An arrest is a "seizure," and the Fourth Amendment prohibits police officers from arresting a person unless there is probable cause to do so.

In this case, prior to evicting Plaintiff, Defendant Markus, subsequent to Defendant Malcolm Goldsmith's, forced false P.F.A. petition written in his own hand, obtained an Order evicting Plaintiff from his residence. Plaintiff also asserts that Defendants Malcolm Goldsmith and Frederick Goldsmith also obtained a 302 Arrest warrant by making intentionally false statements, and by knowing means of omissions and illusory inferences that purposely created a falsehood in the warrant / Pa. M.H.P.A. petition and affidavit.

That the arrest pursuant to this warrant violated Plaintiff's Fourth Amendment guarantees is uncontroverted.  In the Pa. M.H.P.A. petition / warrant affidavit, Malcolm Goldsmith knowingly made false statements, or omissions that created a falsehood. Malcolm Goldsmith made those false statements or omissions either deliberately, or with a reckless disregard for the truth. Those false statements or omissions were material and necessary to the finding of probable cause for both the malicious and abusive P.F.A. temporary eviction order as well as the falsely procured 302 arrest warrant and the involuntary temporary M.H. examination on or about 4/4/16..

Omissions are made with reckless disregard for the truth when a party / petitioner intentionally omits essential material and exculpatory facts that are so obvious that any reasonable person would know that a judge would want to know those facts.

Assertions are made with reckless disregard for the truth when m had obvious reasons to doubt the truth of what he was asserting. Co-Defendants Malcolm Goldsmith and Attorney Frederick Baer Goldsmith were not merely negligent, nor in any way made an innocent mistake: their actions and collusive conduct were intentional, willful and made of malice.

The unlawful seizure claims herein based upon an unlawful arrest, made pursuant to a warrant without probable cause, are analogous to the tort of malicious prosecution.

WHEREFORE, Plaintiff *pro se* respectfully requests that this Court enter judgment in his favor and against all Defendants jointly and severally; awarding compensatory damages, costs, and attorneys' fees, along with punitive damages for pain and suffering, available statutory damages; reimbursement of funds paid or lost; attorney fees and costs as well as any other relief this Honorable Court, in its own wisdom, deems appropriate.

**Count IV**.  **Municipal Liability:   Failure to train, and supervise; customs patterns and practices in violation of the Fourth, Fifth and Fourteenth Amendments.**

Against City of Pittsburgh, Department of Public Safety, Bureau of Police, only.

Plaintiff hereby incorporates all other previous paragraphs of this Complaint as if they were fully set forth herein.

Plaintiff *pro per* also incorporates and includes by substance and by reference, his timely filing on 3/17/17, within this Western District at 2:17-cv-00389 - MRH, [ CM / ECF Doc. # 1 ].

Municipalities and other local government units are included among those persons to whom § 1983 applies; *Monell v. Department of Social Services of City of New York*, 436 U.S. 2, 658, 690 (1978) (overruling in relevant part *Monroe v. Pape*, 365 U.S. 167 (1961)).

When execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the act that the government inflicts as an entity, that entity becomes derivatively responsible under § 1983.

Plaintiff was deprived of his Federal rights and Constitutional guarantees in that the deprivation resulted from the City of Pittsburgh's official policies, customs, patterns and practices.

Defendant Markus, and the Defendant City of Pittsburgh by and through its Department of Public Safety Bureau of Police, have created and tolerated an atmosphere of

lawlessness, and have developed and maintained long-standing, department-wide customs, patterns and practices of law enforcement related policies and procedures; and furthermore failed to properly train and to supervise its officers in a manner tantamount to deliberate indifference to the guaranteed constitutional rights and privileges of Plaintiff - and of the public at large.

The deprivation set forth *supra* resulted from The City of Pittsburgh as a local municipal government entity, and its Department of Public Safety, Bureau of Police's customs, policies and practices - and its failure to properly screen, train and supervise its police officers.

In light of the duties and responsibilities of the police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as that described herein; that the failure to provide such specialized training and supervision is deliberately and intrinsically *ispo facto* indifferent to those very rights.

This deliberately indifferent training and supervision provided by Defendant City and to Defendant Markus resulted from a conscious and/or deliberate choice to follow a course of action from among various alternatives available to Defendant City of Pittsburgh, and Defendant Markus; and were moving forces in the Constitutional and Federal violation injuries complained of by Plaintiff herein.

All of the above-described acts were done by the Municipal Defendant City of Pittsburgh and City of Police Officer Markus, intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard for Plaintiff's Federally protected rights; and were done pursuant to the preexisting and ongoing deliberately indifferent official customs, practices, decisions, policy, training, and lack of supervision, of, and by the Defendant City of Pittsburgh Department of Public Safety.

Pertaining to Municipal Defendant City of Pittsburgh / Bureau of Police, that there is not a formal written policy pertaining to the Police Officers' conduct, that does not negate the existence of a custom or practice of falsely arresting or assisting in the false "302-ing" of City Citizens.  One has to look no further than the relatively recent filing(s) by the United States Department of Justice, and the apparently violated Consent Decree, in this Western District Court, to evince indicia of such pattern and practices of illegal conduct in violation of its citizens' inalienable liberty interests under both the Pennsylvania and the United States Constitutions.

As a direct result of Defendant City of Pittsburgh's negligent, impermissive and unlawful conduct, Plaintiff has in fact suffered actual emotional injuries, anguish, distress, and other damages and losses, including irreparable loss to reputation, as described herein; thereby entitling him to compensatory, punitive and special damages, in amounts to be determined at trial.

WHEREFORE, Plaintiff *pro se* respectfully requests that this Court enter judgment in his favor and against all Defendants jointly and severally; awarding compensatory damages, costs, and attorneys' fees, along with punitive damages for pain and suffering, and irreparable loss of reputation; available statutory damages; reimbursement of funds paid or lost; attorney fees and costs; as well as any other relief this Honorable Court, in its own wisdom, deems appropriate.

**COUNT V.  Civil Conspiracy**

As to Defendants Attorney Frederick Baer Goldsmith, Esq., Malcolm Goldsmith, Mildred Goldsmith palley and Markus.

Each of the prior paragraphs above of this Complaint is incorporated as if restated fully herein.

Plaintiff *pro per* also incorporates and includes by substance and by reference, his timely filing on 3/17/17, within this Western District at 2:17-cv-00389 - MRH, [ CM / ECF Doc. # 1 ].

An otherwise private person acts under color of state law when engaged in a conspiracy with state officials to deprive another of federal rights.  Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions.

Defendants Attorney Frederick Baer Goldsmith, Esq., Malcolm Goldsmith, and State actor Officer Markus participated in this continuing collusive and joint activity to such a degree; that the actions of each can be so directly attributed to the conduct of the other, that they were not merely simply conjoined: they were quintessentially, by operation and result - identical.

This collusive joint activity and pervasive entwinement, between Defendants Attorney Frederick Baer Goldsmith, Esq., Malcolm Goldsmith and Markus, directly resulted in an illegal eviction without probable cause; and which was substantially, violative of Plaintiff's protected Federal rights and Constitutional guarantees.  The collusive conduct between Markus, and Defendants Attorney Frederick Baer Goldsmith, Esq., and Malcolm Goldsmith was manifestly, maliciously and irrefutably the result of a cunning, concerted conspiracy and a meeting of the minds among these co-conspirator defendants – including Mildred Baer Goldsmith palley.

Knowledge of a conspiracy can be inferred from circumstances other than actual sight and by the totality of the circumstances.  In furtherance of their conspiracy, Defendants all committed overt acts and were otherwise at all times relevant, willful participants in the malicious joint activity.

The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference by all of the Defendants to the rights of Plaintiff.  As a proximate

result of Defendants' conspiracy, Plaintiff has suffered and continues to suffer damages, including severe emotional distress, anxiety and anguish, as was more fully set forth above.

Plaintiff has clearly demonstrated a conspiracy in this case whereby Defendant Attorney Frederick Baer Goldsmith, Esq. agreed in some manner with Malcolm and Mildred – and with Markus, to do an act that deprived Plaintiff of his right to be free from unreasonable searches, seizures, false arrest and false imprisonment; each Defendant - co-conspirator engaged in at least one overt act, and by illegal means in furtherance of the conspiracy.  Defendants Attorney Frederick Baer Goldsmith, Esq. and Malcolm Goldsmith similarly subsequently agreed, co-operated and directly conspired in some manner with Officer Markus, in the first instance, to effectuate a Pa. P.F.A. eviction [which was itself baseless]; and then in the second instance, conspired with the Zone 4 Officers to execute a PA M.H.P.A. arrest warrant, equally devoid of any probable cause, and the involuntary mental health evaluation which flowed from the knowingly, egregiously malicious express falsehoods and omissions by Co-Defendant and Co-conspirator Malcolm Goldsmith, contained in the preceding Petition – were tantamount to a seizure which deprived Plaintiff of his Fourth Amendment protections.

There was a jointly accepted plan, and Defendant Attorney Frederick Baer Goldsmith, Esq., Malcolm Goldsmith and Mildred Goldsmith Palley, along with Officer Markus knew of the plan's essential nature and general scope. Even if each defendant did not know the exact details and complete scope of the plan, or the identity of all the participants in

it; it is averred that one may become a member of a conspiracy without a full knowledge of all the details of the conspiracy.

In Pennsylvania conspirators are jointly and severally liable for damages resulting from a conspiracy. All individual co-conspirator Defendants, at the direction of arch-architect and kingpin Defendant Attorney Frederick Baer Goldsmith, Esq. and Officer Markus, who initially colluded with Defendants Malcolm Goldsmith and Attorney Frederick Baer Goldsmith, Esq. conspired to perform unlawful acts by unlawful means.

This conspiratorial scheme was similarly subsequently repeated between Defendant Attorney Frederick Baer Goldsmith, Esq., and Markus.  Each defendant combined with each other for an unlawful purpose, with the intent of causing the harm complained of herein; and by very reason of these aforesaid unlawful conspiracies, Plaintiff has been harmed as heretofore alleged – and continues to be harmed by Defendant Attorney Frederick Baer Goldsmith, Esq.'s, Malcolm Goldsmith's and Mildred Baer Goldsmith Palley's continuing malicious, injurious and tortious conduct.

WHEREFORE, Plaintiff *pro se* respectfully requests that this Court enter judgment in his favor and against all Defendants jointly and severally; awarding compensatory damages, costs, and attorneys' fees, along with punitive damages for pain and suffering, available statutory damages; reimbursement of funds paid or lost; attorney fees and costs as well as any other relief this Honorable Court, in its own wisdom, deems appropriate.

**COUNT VI.**

**State Law Claim - Intentional Infliction of Emotional Distress.**

As to Defendants Attorney Frederick Baer Goldsmith, Esq., Malcolm Goldsmith, Mildred Baer Goldsmith Palley, Officer Markus, and Municipal Defendant City of Pittsburgh.

Each of the previous paragraphs of this Complaint, above are incorporated as if restated fully herein.

Plaintiff *pro per* also incorporates and includes by substance and by reference, his timely filing on 3/17/17, within this Western District at 2:17-cv-00389 - MRH, [ CM / ECF Doc. # 1 ].

The acts and conduct of the Defendant Officer as set forth above were extreme and outrageous. The Defendant Officer and all Defendants, intended to cause, and were in reckless disregard of the probability that their conduct would materially and proximally cause extreme and calamitous loss of property, as well as severe emotional distress and mental injury to Plaintiff, as is more fully alleged *supra*.

These acts – including making knowingly false statements to a law enforcement agent regarding Plaintiff's property situate within the premises and the collusive conduct by

Defendant Attorney Frederick Baer Goldsmith, Esq. and Malcolm Goldsmith, were so wantonly outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society – and in a Court of Law.

Said actions and conduct, particularly being publically arrested, handcuffed, and searched by numerous Zone 4 Officers of the City of Pittsburgh Police Department in the private and restricted milieu area of the Resolve Crisis Center by those Officers from Pittsburgh Police Zone 4; and in a similar course of conduct, also on the public streets of this City by Officer Markus and his fellow Officers from Zone 4; did directly and proximately cause loss of property [referencing the P.F.A. eviction], severe emotional distress, embarrassment and continuing anxiety to Plaintiff; and thereby clearly constituted intentional infliction of emotional distress.

The collusive misconduct by all defendants described in this Count, under the practiced direction of Defendant Attorney Frederick Baer Goldsmith, Esq., and Officer Markus was undertaken with malice, aforethought, willfulness, and a manifest reckless indifference to the rights of Plaintiff.

The, humiliation, embarrassment and distress, endured during the public P.F.A. eviction outside of Plaintiff's residence in full view of neighbors and passers-by, as well as the Pa. M.H.P.A. arrest warrant, executed in full view of the other temporary residents and all the staff members on of about 4/5/16 while Defendant Attorney Frederick Baer

Goldsmith, Esq. orchestrated his maniacal and outrageous scheme of character assassination, malicious prosecution, false statements and lies in conjunction with Malcolm Goldsmith, and in furtherance of his malicious attempt to have Plaintiff either institutionalized or ultimately convicted of indirect criminal contempt, should he attempt to recover his valuable property still then situate within his Residence; still causes palpable anxiety today.

As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. These injuries include, but are not limited to, loss of constitutional and federal rights, emotional distress, embarrassment and anguish, massive loss of property, and irreparable loss to reputation, and ongoing special damages for psychologically related treatment caused by the unconstitutional moving forces and the concerted conduct by of all the Defendants, as is more fully alleged *supra*.

All the defendants' collusive conduct in each referenced episode, was intentional and reckless; extreme and outrageous; proximally and actually caused the emotional anxiety alleged; and caused psychological distress that was – and is - palpably severe and offensive to human dignity.

The collusive conduct of all the Defendants was so extreme in nature as to go far beyond all possible bounds of decency; must be regarded as utterly intolerable to a civilized society; and should shock the conscience of this Honorable Court.

That Defendants' actions were willful, wanton or reckless – and, pertaining particularly to Defendant Attorney Frederick Baer Goldsmith, Esq., were reckless, aggressive and violent; will be proven during discovery, and upon a more fully developed factual record.

At Trial, Plaintiff will be able to further support his claim with competent medical evidence, and expert medical confirmation that Plaintiff actually suffered the claimed distress; and still suffers from sleep difficulty, headaches, intermittent hypertension, and anxiety.

WHEREFORE, Plaintiff *pro se* respectfully requests that this Court enter judgment in his favor and against all Defendants jointly and severally; awarding compensatory damages, costs, and attorneys' fees, along with punitive damages for pain and suffering, available statutory damages; reimbursement of funds paid or lost; attorney fees and costs as well as any other relief this Honorable Court, in its own wisdom, deems appropriate for emotional and mental harm to Plaintiff during and after the events at issue, including fear, humiliation, and mental anguish; and any such emotional and mental harm, and pecuniary damages that Plaintiff may reasonably be expected to prospectively experience in the future.

**Count VII.   Negligent Infliction of Emotional Distress.**

As to Defendants Attorney Frederick Baer Goldsmith, Esq., Malcolm Goldsmith, Mildred Baer Goldsmith Palley, and Officer Markus , and Municipal Defendant City of Pittsburgh in each instance.

Each of the previous paragraphs of this Complaint, above are incorporated as if restated fully herein.

Plaintiff *pro per* also incorporates and includes by substance and by reference, his timely filing within this Western District at 2:17-cv-00389 - MRH, [ CM / ECF Doc. # 1 ].

The gravamen of the tort of intentional infliction of emotional distress is that the conduct complained of must be of an "extreme or outrageous type.", and is also incorporated within this Count for Negligent Infliction of Emotional Distress.

WHEREFORE, Plaintiff *pro se* respectfully requests that this Court enter judgment in his favor and against all Defendants jointly and severally for Negligent Infliction of Emotional Distress; awarding compensatory damages, costs, and attorneys' fees, along with punitive damages for pain and suffering, available statutory damages; reimbursement of funds paid or lost; attorney fees and costs as well as any other relief this Honorable Court, in its own wisdom, deems appropriate for emotional and mental harm to Plaintiff during and after the events at issue, including fear, humiliation, and

mental anguish; and any such emotional and mental harm, and pecuniary damages that Plaintiff now currently suffers from, and  may reasonably be expected to prospectively experience in the future.

**Count  VIII .  Assault and Battery.**

As to Defendant / Tortfeasor Malcolm Goldsmith, only.

Each of the previous paragraphs of this Complaint, above are incorporated as if restated fully herein.

On 4/1/16, Co-defendant Malcolm Goldsmith forcibly punched and slapped Plaintiff upon his face and body, and additionally unbuckled his pants and exposed his genitals to Plaintiff, while also making crude obsence, and vulgar sexual demands towards Plaintiff.

In Pennsylvania, Assault is an intentional attempt by force to do an injury to the person of another, and a Battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person.

Assault and Battery are intentional torts and thus, share a common denominator in that each which requires a conscious intent on the part of the actor to bring about the harm in question.

Under Pennsylvania law, an assault occurs when one acts with the unprivileged intent to put another in reasonable and immediate apprehension of a harmful or offensive conduct and does in fact cause such apprehension.

Similarly, in Pennsylvania, the elements of the tort of battery are a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact, or apprehension that such a contact is imminent.

WHEREFORE, Plaintiff *pro se* respectfully requests that this Court enter judgment in his favor and against Defendant Malcolm Goldsmith for Assault and Battery against Plaintiff; awarding compensatory damages, costs, and attorneys' fees, along with punitive damages for pain and suffering, available statutory damages; reimbursement of funds paid or lost; attorney fees and costs as well as any other relief this Honorable Court, in its own wisdom, deems appropriate for emotional and mental harm to Plaintiff during and after the events at issue, including fear, humiliation, and mental anguish; and any such emotional and mental harm, and pecuniary damages that Plaintiff now currently suffers from, and  may reasonably be expected to prospectively experience in the future.

**PRAYERS FOR RELIEF**

Defendant Attorney Frederick Baer Goldsmith, Esq., and Malcolm Goldsmith, acting under color of state law, defendant Brian Markus, a Pittsburgh police officer and State Actor, and the City of Pittsburgh Bureau of Police, and Co-defendant Mildred Baer Goldsmith Palley conspiratorially executed this scheme.  In furtherance of Defendants' evil and unlawful scheme to maliciously attempt to evict Plaintiff from his residence for the ulterior purpose of seizing and stealing all of his valuable art and collectibles contained within his Residence via a false and baseless Pa. P.F.A. petition; and to contemporaneously institutionalize Plaintiff by a Pa. M.H.P.A. 302 arrest warrant, all premeditatedly based entirely initially upon false statements knowingly, intentionally, wantonly and maliciously made by Malcolm Goldsmith and Defendant Attorney Frederick Baer Goldsmith, Esq; a warrant of arrest issued without probable cause. Plaintiff was publically arrested, deprived of his Federal and Constitutional Civil Rights, stripped of a massive collection of art, prints, collectibles, legal papers, business records and personalty - and was extremely embarrassed and emotionally traumatized.

Despite the malicious collusive perjurious testimony between and among all the individual defendants herein, the temporary P.F.A. Order was terminated in Plaintiff's favor, and the Pa. M.H.P.A. involuntary examination was unsubstantiated and overturned the same day as the examination.

**WHEREFORE**, Plaintiff Kenneth Goldsmith, respectfully requests that this Court enter judgment in his favor and against all Defendants, Attorney Frederick Baer Goldsmith, Esq., Malcolm Goldsmith., Mildred Baer Goldsmith palley, Pittsburgh Police Officer

Brian Markus, individually, and in his  official capacity, and the City of Pittsburgh

Department of Public Safety / Bureau of Police, jointly and severally; awarding

compensatory damages, costs, and attorneys' fees, along with punitive damages for

pain and suffering, available statutory damages; reimbursement of funds paid or lost; as

well as any other relief this Honorable Court, in its own wisdom, deems appropriate for

emotional and mental harm to Plaintiff during and after the events at issue, including

fear, humiliation, and mental anguish; and any such emotional and mental harm, and

pecuniary damages from the irreparable loss to reputation resulting from Defendants'

actions and conduct, that Plaintiff may reasonably be expected to prospectively

experience in the future.


**JURY DEMAND**


Plaintiff, Kenneth Goldsmith, hereby respectfully demands a trial by jury pursuant to

Federal Rule of Civil Procedure 38(b), on all issues so triable.



RESPECTFULLY SUBMITTED:

/s/ Kenneth Goldsmith, *pro se*.

_____

3/31/2018.